UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| NEW LEAF RECOVERY SERVICES, P.C., individually and on behalf of the class defined herein, <br><br> Plaintiff, <br> v. <br><br> EHT PHARMACY, LLC, and SPECIALTY CARE RX LIMITED LIABILITY COMPANY, both doing business as CUREXA, and JOHN DOES 1-10, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CASE NO: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff New Leaf Recovery Services, P.C., brings this action to secure redress for the actions of defendants EHT Pharmacy, LLC, and Specialty Care RX Limited Liability Company, both doing business as Curexa, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

**PARTIES**

3.     Plaintiff New Leaf Recovery Services, P.C., is a professional corporation with offices at 90 Chamber Plaza, Charleroi, Pennsylvania 15022.

4.     Defendant EHT Pharmacy, LLC, is a limited liability company organized under New Jersey law with offices at 3007 Ocean Heights Avenue, Egg Harbor Township, NJ 08234-7749.  Its registered agents and offices include National Registered Agents, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604,

5.     Defendant Specialty Care RX Limited Liability Company, is a limited liability company organized under Illinois law with offices at 5310 N. Sheridan Road, Chicago, IL 60640.  Its registered agents and offices include MS Registered Agent Services Inc., 191 N. Wacker Dr., Suite 1800, Chicago, IL 60606.

6.     Defendants are under common ownership and control.  The members of Specialty Care RX Limited Liability Company are Keith Hartman, Jay Greco, and Mark Taylor.  The members of EHT Pharmacy, LLC, are Keith Hartman, Jay Greco, and Mark Taylor.

7.     Both EHT Pharmacy, LLC and Specialty Care RX Limited Liability Company, do business as "Curexa" or "Curexa Pharmacy," without distinction as to which entity is involved.  See Exhibit B, where the offices of both are listed as offices of "Curexa."

8.     As a result, both EHT Pharmacy, LLC and Specialty Care RX Limited Liability Company are liable for actions taken under the name of "Curexa."

9.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

*10.*     This Court has jurisdiction under 28 U.S.C. §1331.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

11.     Personal jurisdiction exists because defendants have committed tortious acts in Pennsylvania by causing the transmission of unlawful communications into the state.

12.      Venue in this District is proper for the same reason.

## FACTS

13.     On or about December 27, 2016, New Leaf Recovery Services, P.C., received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine, from "Curexa."

14.     Discovery may reveal the transmission of additional faxes as well.

15.     Defendants are responsible for sending or causing the sending of the fax.

16.     Defendants, as the persons whose products or services were advertised in the fax, derived economic benefit from the sending of the fax.

17.     Defendants either negligently or wilfully violated the rights of plaintiff and other recipients in sending the fax.

18.     Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

19.     On information and belief, no patient authorized the sending of fax advertisement to plaintiff.

20.     The fax was sent to plaintiff in an effort to advance the sale of defendant's products or services.

21.     Plaintiff had no prior relationship with defendants and had not authorized the

sending of fax advertisements to plaintiff.

22. The fax did not contain an opt-out notice that complied with 47 U.S.C. §227.

23. On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

24. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Pennsylvania.

25. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

26. Plaintiff incorporates ¶¶ 1-22.

27. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

28. The TCPA,  47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C)  both such actions.**

> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

29. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

30. Plaintiff and each class member is entitled to statutory damages.

31. Defendants violated the TCPA even if their actions were only negligent.

32. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

33. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes from "Curexa" promoting goods or services for sale (d) and which did not contain an opt out notice as described in 47 U.S.C. §227.

34. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

35. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

   b. The manner in which defendants compiled or obtained the list of fax numbers;

   c. Whether defendants thereby violated the TCPA;

36. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

37. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

38. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

39. Several courts have certified class actions under the TCPA. *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI*

*Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

    40.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a.    Actual damages;

    b.    Statutory damages;

    c.    An injunction against the further transmission of unsolicited fax advertising;

    d.    Costs of suit;

    e.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing plaintiff as counsel for the Class;

    f.    Such other or further relief as the Court deems just and proper.

Respectfully submitted,
MORROW & ARTIM, P.C.

/s/ Clayton S. Morrow
Clayton S. Morrow
*Attorney for plaintiff and the class*

Clayton S. Morrow
MORROW & ARTIM, P.C.
304 Ross Street, 7th Floor
Pittsburgh, PA 15219
Direct Line: (412) 209-0656
csm@ConsumerLaw365.com


pro hac vice admission to be applied for

Daniel A. Edelman
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                      Respectfully submitted,

                      MORROW & ARTIM, P.C.

                      /s/ Clayton S. Morrow
                      Clayton S. Morrow
                      *Attorney for plaintiff and the class*

Clayton S. Morrow
MORROW & ARTIM, P.C.
304 Ross Street, 7th Floor
Pittsburgh, PA 15219
Direct Line: (412) 209-0656
csm@ConsumerLaw365.com